Follett, J.
Appeal from a ^judgment entered upon the ■decision of a special term.
The position taken on this appeal that defendant received the bonds as the agent of Hungerford for the purpose of collection, and is not liable because he accounted, as agent, to Hungerford. in good faith, is not supported by the evidence. Hungerford’s letter of January 31, 1884", to defendant, which accompanied the bonds, -tated that they were sent, “for credit,” at which time' Hungerford was indebted to defendant, on account, m the sum of $682.48. When the bonds were collected by defendant and credited to Hungerford, he (Hungerford) was indebted to defendant in the sum of $3,056.58, and remained indebted at the close of business, February 16, 1884, after the bends were credited, in a considerable sum. February 21, 1884, Hungerford renewed his direction, “ pass to my credit ” the bonds. This is precisely what was done, and by the law governing the application of payments, and the avails of these bonds were applied in law, as well as in fact, to the part payment of the sum then due from Hungerford to defendant.
*584 Under the rule of the courts in this state, the avails of these bonds having been received by defendant in payment of a precedent debt, the defendant is not a holder in good faith and for value as against the true owner.
The fact that defendant subsequently gave Hungerford credit by reason of the condition of his account, which was strengthened by the disputed item, does not strengthen the defendant’s defense in law.
The opinion delivered at special term covers the case, and the case may well be affirmed on that opinion.
The judgment is affirmed, with costs.
Boardman, J., concurs; Hardin, P. J., not voting.